

NUMBER 13-13-00526-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

HERMAN LEE KINDRED,                                             Appellant,

V.

THE STATE OF TEXAS,                                             Appellee.

On appeal from the 24th District Court
of Jackson County, Texas.

## ORDER ABATING APPEAL

Before and Justices Garza, Benavides, and Perkes
Order Per Curiam

This cause is before the Court on appellant's motion for extension of time to file the brief and appellant's motion to bring to the Court's attention that the record is incomplete. Appellant is incarcerated and is proceeding pro se. Appellant's motion for extension of time states that the appellate record was made available to him on "DVD disc" on April 1, 2014, but he does not have computer access to examine the record for

purposes of preparing his brief. Appellant is requesting an additional 90 days to file the appellate brief in this cause. Appellant's motion regarding the record asserts that the reporter's record omits relevant testimony from witness Ron White.

We first note that these motions are seemingly inconsistent insofar as appellant asserts that he lacks access to the record, and yet asserts that the record is incomplete based on his inspection.

Texas Rule of Appellate Procedure 34.6(e)(1) provides that inaccuracies in the reporter's record may be corrected by agreement of the parties or by the trial court. *See* TEX. R. APP. P. 34.6 (e)(1), (2). Texas Rule of Appellate Procedure 34.6(e)(3) provides that if a dispute arises after the reporter's record has been filed in the appellate court, the Court may submit the dispute to the trial court for resolution. *See id.* R. 34.6 (e)(3).

We GRANT appellant's motion regarding the record insofar as this appeal is ABATED and the cause REMANDED to the trial court. Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine (1) whether inaccuracies exist in the reporter's record, and if so, whether the parties can agree to correct any of them without the court reporter's recertification; and (2) to settle the dispute if inaccuracies exist in the reporter's record and the parties cannot agree on whether or how to correct any of them. *See Id.* 34.6(e). Otherwise, the trial court shall determine what steps are necessary to ensure the prompt preparation of a complete reporter's record and shall enter any orders required to avoid further delay and to preserve the parties' rights.

The trial court shall prepare and file its findings and orders and cause them to be included in a supplemental clerk's record which should be submitted to the Clerk of this Court within thirty days from the date of this order. Should the trial court require more time to comply with the directions of this Court, it shall request an extension prior to the expiration of this deadline.

If the trial court determines that the reporter's record is accurate, or is able to correct any alleged inaccuracies, the trial court shall further ensure that appellant has the opportunity to fully examine the appellate record. In this regard, the appellate record includes a sealed document, Exhibit No. 1. The trial court is directed to determine whether or not appellant has the right to review the sealed document and must take any and all appropriate measures to protect the confidentiality of such document. The trial court shall notify this Court as to the date upon which the appellate record was made available to appellant.

The Court GRANTS IN PART and DENIES IN PART appellant's motion for extension of time to file the brief. This motion is GRANTED insofar as the Court will extend appellant's deadline to file his brief. This motion is DENIED insofar as the Court will not allow an extension of 90 days. Appellant is ORDERED to file his brief with this Court within thirty (30) days from the day the appellate record is first made available to him.

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of May, 2014.